IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:08cr51-MHT |
| THEOPHILUS QUINTON ABNER | ) | (WO) |

OPINION AND ORDER

This case is now before the court on defendant Theophilus Quinton Abner's motion to continue trial, which is now scheduled for October 14, 2008. For the reasons set forth below, the court concludes that the continuance motion should be granted.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir.), <u>cert. denied</u>, 479 U.S. 823 (1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an ... indictment

> with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation."  18 U.S.C. § 3161(h)(8)(B)(iv).

The court concludes that a continuance is necessary in this case. Abner intends to argue that the Supreme Court's recent decision in <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008), establishes that 18 U.S.C. § 922(g)(1) is an unconstitutional infringement on

his right to keep and bear arms.  Abner asserts that a continuance will ensure that both parties have sufficient time to brief these important issues.  The government does not oppose Abner's request.  Thus, the ends of justice served by granting a continuance outweigh the interest of the public and Abner in a speedy trial.

Accordingly, it is ORDERED as follows:

(1) Defendant Theophilus Quinton Abner's motion to continue (Doc. No. 23) is granted.

(2) Abner's trial and jury selection are continued to the criminal term of court commencing February 23, 2009, in Opelika, Alabama.

DONE, this the 9th day of September, 2008.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE