IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CRIMINAL ACTION NO |
| | ) | 3:08-cr-51-MHT |
| THEOPHILUS QUINTON ABNER | ) | [wo] |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the Court on a *Motion to Dismiss* filed by Defendant Theophilus Quinton Abner ("Abner") and the *United States' Response to Motion to Dismiss*. *See* Doc. 27, "Motion to Dismiss"; Doc. 29, "Response." Abner challenges the constitutionality of 18 U.S.C. § 922(g)(1). In light of the evidentiary hearing on October 15, 2008 and after due consideration of briefs, arguments, and applicable law, the Magistrate Judge concludes the statute does not offend the Second Amendment and recommends that the District Court **DENY** the motion to dismiss.

### I.   FACTUAL BACKGROUND AND MOTION TO DISMISS

The Grand Jury for the Middle District of Alabama indicted Abner for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On or about September 23, 2002, Abner was convicted of Kidnapping 1st Degree and Attempted Murder in the Circuit Court of Chambers County. On July 24, 2007, was indicted for possession of two .22 caliber rifles found in a closet in his home.

On August 29, 2008, Abner filed a motion for leave to file a motion to dismiss since

the deadline for all pretrial motions was on April 10, 2008. *See* Doc. 20. The Court granted the motion and on September 29, 2008, Abner filed his motion to dismiss. *See* Doc. 26, Order; Doc. 27, Motion to Dismiss. Abner moves to dismiss the indictment in light of the United States Supreme Court's ruling in *District of Columbia v. Heller*, --- U.S. --- , 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). Specifically, Abner contends that 18 U.S.C. § 922(g)(1), as applied to him, unlawfully infringes upon his right to keep and bear arms as provided by the Second Amendment of the United States Constitution. *See* Doc. 27 at p. 1. Abner argues that even though he is a felon, he still has a Second Amendment right to possess a firearm based on the ruling in *Heller*.[1] Abner also asserts that § 922(g)(1) is unconstitutional because it is an unlawful exercise of Congress' authority to regulate interstate commerce under Article I, Section 8, Clause 3 of the Constitution. *Id*. at p. 4. The United States filed its response on October 10, 2008 wherein it argues Abner's reliance on *Heller* is misplaced and his challenge to the constitutionality of the statute should be rejected.

## II. THE *HELLER* DECISION

Heller was a special police officer who was authorized to carry a weapon as part of his duties. He applied for a license to keep the weapon in his home and was denied because of the local District of Columbia statutes which prohibited the possession of handguns in the

---

[1] Abner contends the weapons were kept solely for the purpose of self-defense. However, justification is an affirmative defense and at trial Abner must prove each element of the defense by a preponderance of the evidence. *See United States v. Deleveaux*, 205 F.3d 1292, 1297-98 (11th Cir. 2000). As there is no summary judgment procedure in criminal cases, *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992), the Court will not consider this argument.

home. Specifically, the statutes made the following conduct a crime:

> It is a crime to carry an unregistered firearm, and the registration of handguns is prohibited. Wholly apart from that prohibition, no person may carry a handgun without a license, but the chief of police may issue licenses for 1-year periods. District of Columbia law also requires residents to keep their lawfully owned firearms, such as registered long guns, unloaded and dissembled or bound by a trigger lock or similar device unless they are located in a place of business or are being used for lawful recreational activities.

*Heller*, 128 S.Ct. at 2788 (internal citations omitted). Heller challenged the constitutionality of the D.C. statutes on the basis that they violated his individual right to bear arms under the Second Amendment.

The United States Supreme Court held "that the District's ban on handgun possession in the home violated the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense. Assuming that Heller is not *disqualified* from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home." *Id*. at 2821-2822 (emphasis added). Thus, the Court recognized that "the Second Amendment conferred an individual right to keep and bear arms," albeit not an unlimited one. *Id*. at 2799.

The *Heller* Court specifically said "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale

of arms." *Id*. at 2816-17. In addition, a footnote accompanying the statement states "[w]e identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive." *Id*. at 2817 n. 26.

### III. DISCUSSION AND ANALYSIS

The Second Amendment states: "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. However, this right is not unlimited. *Id*. at 2816. 18 U.S.C. § 922(g) is a longstanding prohibition on the possession of firearms by certain classifications of people including convicted felons. Abner, however, argues that the permanent abrogation of his constitutional right to bear arms is impermissible under *Heller* which he asserts establishes that an individual should not forever be prohibited from owning or possessing a firearm for self-defense purposes. *See* Doc. 27 at p. 2.

*Heller* expressly permits the possession of firearms in the home by persons not "disqualified" from the exercise of Second Amendment rights. *See Heller*, 128 S.Ct. at 2822. Indeed, the United States Supreme Court expressly circumscribes its *Heller* decision to avoid casting doubt on the provisions of § 922(g). *Id*. at 2816-17. Abner asks this Court to regard those statements as mere dicta since those specific provisions were not before the *Heller* court. While the Court agrees a § 922(g) challenge was not the subject of the *Heller* decision, the Court rejects Abner's arguments that the statements are essentially irrelevant. On its face, "*Heller* did not disturb or implicate the constitutionality of § 922(g) and was not

intended to open the door to a raft of Second Amendment challenges to § 922(g) convictions." *United States v. White*, 2008 WL 3211298, *1 (S.D. Ala. Aug. 6, 2008) (Steele, J.). Indeed, every case found by this Court involving a post-*Heller* challenge to § 922(g) likewise concludes *Heller* did not invalidate § 922(g). *See, e.g., United States v. Brunson*, 2008 WL 4180057 (4th Cir. 2008); *United States v. Artez*, 2008 WL 3992282 (10th Cir. 2008); *United States v. Irish*, 285 Fed.Appx. 326, 327 (8th Cir. 2008) (unpublished); *United States v. Gilbert*, 2008 WL 2740453 (9th Cir. 2008); *United States v. Erwin*, 2008 WL 4534058 (N.D.N.Y. Oct. 6, 2008); *United States. v. Solis-Gonzalez*, 2008 WL. 4529663 (W.D.N.C. Sept. 26, 2008); *United States v. Bonner*, 2008 WL 4369316 (N.D. Cal. Sept. 23, 2008); *White*, 2008 WL 3211298; *United States v. Robinson*, 2008 WL 2937742 (E.D. Wis. July 23, 2008); *United States v. Walters*, 2008 WL 2740398 (D.V.I. July 15, 2008).[2] As there is no guidance post-*Heller* from the Eleventh Circuit, this Court will join the other courts in its rejection of a § 922(g) challenge under *Heller*. Instead, the Court will take *Heller* at its word that it did not cast doubt on the validity of prohibitions like those found in § 922(g).

Next, to the extent Abner asserts that Congress exceeded its authority under the Commerce Clause in enacting 18 U.S.C. § 922(g)(1), his assertion is without merit. It is well-settled law that § 922(g)(1) is not an unconstitutional exercise of Congress' power under the Commerce Clause. *See*, *e.g.*, *United States v. Nichols*, 124 F.3d 1265, 1266 (11th Cir. 1997); *United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996). Consequently,

---

[2] While this is certainly not an exhaustive list, it is a representative sampling of all the cases found by this Court prior to the issuance of this Report and Recommendation.

Abner's challenge to § 922(g)(1) on the basis of the Commerce Clause is also due denial.

## IV.  CONCLUSION

Pursuant to the foregoing findings and conclusions, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant Abner's *Motion to Dismiss* (Doc. 27) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation not later than **November 12, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)(*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 30th day of October, 2008.

>/s/ Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES MAGISTRATE JUDGE